| | |
|---|---|
| 1 | MAXIMILIAN J.B. HOPKINS, (SBN 133944) |
| | Attorney-at-Law |
| 2 | A Professional Corporation |
| | 7665 Redwood Boulevard, Suite 200 |
| 3 | Novato, CA 94945 |
| 4 | Telephone: (415) 893-1200 |
| | Facsimile: (415) 893-1201 |
| 5 | |
| | Attorneys for Plaintiff |
| 6 | |
| | LAMON MAXWELL |
MAXIMILIAN J.B. HOPKINS, (SBN 133944)
Attorney-at-Law
A Professional Corporation
7665 Redwood Boulevard, Suite 200
Novato, CA 94945

Telephone: (415) 893-1200
Facsimile: (415) 893-1201

Attorneys for Plaintiff

LAMON MAXWELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMON MAXWELL, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| | ) |
| v. | ) |
| | ) |
| PAUL PENDLETON, TAMMIE PENDLETON, BARTLEY FLEHARTY, DONNA STEFANI, FIDELITY NATIONAL TITLE COMPANY OF CALIFORNIA, and DOES 1 through 10, | ) |
| | ) |
| Defendants. | ) |

<u>JUSRISDICTION</u>

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this court by Title 28 of the United States Code, Section 1331. The unlawful acts and practices alleged herein occurred in Shasta County, California which is within this judicial district.

1

PARTIES

2. Plaintiff, LAMON MAXWELL ("MAXWELL" or "Plaintiff") at all times herein mentioned was a citizen of the United States and a resident of Shasta County, California

3. Plaintiff is informed and believes and thereon alleges that defendants, PAUL PENDLETON and TAMMIE PENDLETON ("PENDLETONS") at all times herein mentioned were citizens of the United States and residents of Shasta County, California.

4. Plaintiff is informed and believes and thereon alleges that defendant, BARTLEY FLEHARTY ("FLEHARTY") at all times herein mentioned was a citizen of the United States and a resident of Shasta County, California.

5. Plaintiff is informed and believes and thereon alleges that defendant, FIDELITY NATIONAL TITLE COMPANY OF CALIFORNIA ("FIDELITY") at all times herein mentioned was, a duly qualified corporation, organized, existing and regulated by the laws of the State of California, doing business at the address located 2070 Churn Creek, Suite C, Redding, Shasta County, California, United States.

6. Plaintiff is informed and believes and thereon alleges that defendant, DONNA STEFANI ("STEFANI") at all times herein mentioned was an employee of defendant FIDELTY and was a citizen of the United States and a resident of Shasta County, California.

7. Plaintiff is ignorant of the true names and capacities of defendants DOES 1 through 10 and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages suffered by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the true names and/or capacities of defendants DOES 1 through 10 when they have been ascertained.

## STATEMENT OF THE FACTS

8. Plaintiff MAXWELL, owned a home in joint tenancy with his wife, Barbra Maxwell. The property was located at 5260 Rancho Vista Way, Redding, California 96002.

9. On or about October 26, 1999, at Redding, California, Plaintiff's wife, Barbra Maxwell, transferred her ownership interest of the home ("Property") to her husband, Plaintiff, as his separate property. Barbra Maxwell transferred her interest in the property to her husband, Plaintiff, because Plaintiff would not allow her to visit her sick brother in Oregon until said transfer was executed. As consideration for Barbra Maxwell's interest in the property, Plaintiff transferred his ownership interest of the couple's automobile to Barbra Maxwell as her separate property.

10. On or about October 20, 2000, at Redding, California, Plaintiff and Defendants, PENDLETONS, entered into a written residential real property agreement whereby PENDLETONS agreed to purchase from Plaintiff the real property at 5260 Rancho Vista Way, Redding, California 96002 for $149,500.00. (Attached hereto as Exhibit A is a copy of the Residential Purchase Agreement.)

11. On or about October 27, 2000, the purchase agreement was modified by an addendum in which Plaintiff agreed to finance 10% of the purchase price secured by a second deed of trust on the property.

12. The purchase agreement was modified pursuant to escrow instructions dated December 6, 2000, in which the purchase price was increased to $151,500.00 and the plaintiff was to perform various obligations.

13. On or about January 15, 2001, Plaintiff realized that he was not the sole owner of the real property in question and therefore it was not his to sell. Plaintiff admitted that he had forced his wife to transfer, under duress, her interest of the property to him so she could use the car to visit her sick brother. According to the original purchase agreement, the real property was valued at $149,500.00 while the automobile that was given to Barbra Maxwell by her husband in exchange for her interest in the real property, was only worth approximately $5000.00 (Attached hereto as Exhibit B is a copy of Lamon Maxwell's declaration.) The deposition of Barbra Maxwell, taken on November 28, 2001, shows that Plaintiff was upset with Barbra Maxwell's frequent trips to Oregon to visit her sick brother so Plaintiff forbade her to travel to Oregon unless she conveyed her interest in the real property to him in exchange for his interest in the couple's automobile. (Attached hereto as Exhibit C is a copy of the cover sheet and pages 27 to 31 of Barbra Maxwell's deposition.)

14. Plaintiff and defendant, PENDLETONS, subsequently arbitrated the dispute over the sale of the real property per the purchase agreement. The Amended Arbitration Award, filed April 5, 2002, awarded the PENDLETONS the remedy of specific performance against Plaintiff. The Award stated that the purchase price was the sum of $151,500.00 and Plaintiff would carry 10% of the purchase price secured by a second deed of trust under the terms of the Addendum dated October 27, 2000. The Amended Arbitration Award specifically stated that "the parties, by mutual agreement, may modify the terms of sale or escrow." The arbitration award also specified a 45 day escrow commencing with the date of the award and included a provision limiting the period of time escrow could be extended if either party brought a motion regarding the award or any judgment on the award in superior court. The award expressly limited any extension of

escrow for 10 days following the superior court's order on any motion. (Attached hereto as Exhibit D is a copy of the Amended Arbitration Award.)

15. The PENDLETONS brought several motions after the award became final. The motions resulted in an extension of the escrow period greater than a month beyond the original 45 days specified in the award. The initial extension complied with the terms of the award but the PENDLETONS were still unable to obtain funding before the extended escrow period was to close. On the last day of the extension, the PENDLETONS brought a Motion to Extend Escrow for an additional 30 days. The Shasta County Superior Court granted the Motion and as a result, erroneously modified a binding arbitration award.

16. On or about June 7, 2002, Plaintiff and PENDLETONS signed escrow instructions that modified the purchase agreement by requiring 100% of the purchase price to be paid in cash rather than Plaintiff loaning 10% of the purchase price. Paragraph 2 of the said escrow instructions states that "it is expressly agreed that these instructions shall control over said Contract." (Attached hereto as Exhibit E is a copy of the escrow instructions.)

17. On or about July 16, 2002, the Shasta County Superior Court ordered Susan Null, Clerk of the court, as duly appointed Court Commissioner, to sign all necessary documentation for the purposes of consummating the sale of the property in lieu of Plaintiff's signature.

18. On or about July 16, 2002, Susan Null signed a Grant Deed on behalf of Plaintiff, conveying the real property to the PENDLETONS. In addition, Susan Null also signed an Installment Note, which required Plaintiff to carry 10% of the purchase price, payable in installments by the PENDLETONS. (Attached hereto as Exhibit F is a copy of the Grant Deed and Installment Note.)

19. On August 16, 2002, Fidelity Title transferred title to PENDLETONS, against escrow instructions which stated that title could not be transferred while the property was still in pending litigation.

20. On August 20, 2002, the PENDLETONS took possession of the property at 5260 Rancho Vista Way, in violation of the above mentioned escrow instructions, prior to litigation of the property becoming final, and prior to Plaintiff having agreed to a final version of the sales agreement.

21. Plaintiff subsequently appealed the Shasta County Superior Courts' order that extended escrow as referred to in paragraph 15. Plaintiff appealed to the Court of Appeal of California, Third Appellate District but was unsuccessful.

22. In late 2003, Plaintiff filed a complaint in Shasta County Superior Court, challenging the Installment Note that was signed by Susan Null as referred to in paragraph 18. Plaintiff's complaint was dismissed and he subsequently appealed to the Court of Appeal of California, Third Appellate District. The Court of Appeal affirmed the lower court's order of dismissal.

## DAMAGES

23. As direct, actual and proximate result of defendants' conduct, Plaintiff has been deprived of his real property, which would still be in his possession but not for defendants' violation of his right to due process.

## FIRST CAUSE OF ACTION

(42 U.S.C. § 1983)
(Violation of Due Process against defendants)

24. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 23 of this complaint.

25. In doing the acts complained of herein, defendants used the California court system to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

 b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

26. Defendants violated Plaintiff's due process rights when they went against the Amended Arbitration Award by extending escrow to a date beyond that which was allowed by the award. Plaintiff's due process rights were ultimately violated when defendants used the Shasta County Superior Court to extend escrow.

27. Plaintiff's due process rights were further violated when defendants had Court Clerk Susan Null sign the Installment Note on behalf of Plaintiff. This act was contrary to the escrow instructions that were in compliance with the Amended Arbitration Award and signed by PENDLETONS and Plaintiff on June 7, 2002.

28. Plaintiff's due process rights were also violated when Fidelity Title transferred title to PENDLETONS, against escrow instructions which stated that title could not be transferred while the property was still in pending litigation.

29. Finally, Plaintiff's due process rights were violated when the PENDLETONS took possession of the property at 5260 Rancho Vista Way, in violation of the above mentioned escrow instructions, prior to litigation of the property becoming final, and prior to Plaintiff having agreed to a final version of the sales agreement.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. For return to the Plaintiff, possession of the property at 5260 Rancho Vista Way, Redding, Shasta County, CA;

2. For return to the Plaintiff, title to the property at 5260 Rancho Vista Way, Redding, Shasta County, CA;

3. For $300,000.00 in damages incurred by Plaintiff due to Defendants actions;

4. For reasonable attorney's fees;

5. For costs of suit incurred in this action; and

6. For such other and further relief as this court may deem proper.

Dated: September 15, 2005

_____
Maximilian J.B. Hopkins
A Professional Corporation
Attorneys for Plaintiff